**Stanley HILL, Plaintiff–Appellant,**

v.

**Margarette T. GHEE, et al.,**
**Defendants–Appellees.**

**No. 01–3680.**

United States Court of Appeals,
Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Stanley Hill, a pro se Ohio prisoner, appeals a district court order dismissing the civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Hill sued the members of the Ohio Adult Parole Authority alleging that the Parole Authority violated his Eighth and Fourteenth Amendment rights by denying him parole. Hill contends that the Authority used false information outside his inmate records in determining his eligibility for parole. Further, Hill stated that the chairman of the Parole Authority has an unwritten and unlawful policy that persons convicted of murder must serve at least twenty years before being granted parole. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for failure to state a claim.

In his timely appeal, Hill argues that the district court erred in adopting the magistrate judge's report and did not properly reconsider its judgment in light of his Fed. R.Civ.P. 59 motion.

The district court's order is reviewed de novo. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). The dismissal of a complaint for failure to state a claim on which relief may be granted is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

Hill fails to state a claim under § 1983 as his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Su-

preme Court held that a prisoner cannot make a cognizable claim under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

Hill contends that false information was used to deny him parole and that one member of the Parole Authority has the unlawful policy of not granting parole to murderers until they have served twenty years. As a ruling on these arguments would effect the validity of his confinement, these claims are not cognizable under § 1983. *Heck*, 512 U.S. at 486–87.

Hill's attempt to couch his complaint as one disputing the procedures used by the Parole Authority, rather than the final decision to deny him parole, is insufficient to avoid the application of *Heck*. The Supreme Court has held that courts must examine the nature of the challenge to determine whether a finding in favor of a plaintiff would imply the invalidity of a parole authority's judgment. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). As a finding of a procedural defect would imply that the

Parole Authority's decision was invalid, Hill's complaint was properly dismissed.

Finally, Hill states that the district court erred by not reconsidering its decision in light of his Rule 59 motion. A court's denial of a motion to alter or amend the judgment pursuant to Rule 59 is reviewed for an abuse of discretion. *See Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 613 (6th Cir.1998). As Hill's complaint is barred under *Heck* and *Edwards,* the district court did not err in dismissing the complaint. Thus, the denial of Hill's request for reconsideration under Rule 59 was not an abuse of discretion.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.